*Offices of Douglas L. Applegate, SBN 109155*
5160 Birch Street, Suite 210
Newport Beach, CA 92660
Telephone (888) 583-2266
Doug@ApplegatesLaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.R., a minor, by and through her Guardian ad Litem, Monica Miner,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC HERNANDEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'24CV1539 AJB AHG**<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL |

Plaintiff A.R., a minor, by and through her Guardian ad Litem, Monica Miner, alleges as follows:

1. At all relevant times mentioned in this Complaint, Plaintiff A.R. was a resident of Nevada. Plaintiff is a minor, born in 2022, and is appearing in this action by and through her guardian ad litem, Monica Miner.

2. At all times mentioned herein Defendant ERIC HERNANDEZ (hereinafter "HERNANDEZ") was an individual residing in San Diego County, and an officer, agent, and/or employee with the State of California, Department of Corrections and Rehabilitation.

3. Plaintiff is informed and believes that DOES 1 through 10 are legally responsible for the events and happenings alleged herein, and thereby legally and proximately caused injuries and damages to Plaintiff. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues these Defendants by such fictitious names. Plaintiff will amend this complaint to insert their true names and capacities when ascertained.

4. Plaintiff is informed and believes that at all times herein alleged, Defendants, and/or DOES 1 through 10, were the agents or employees of each other, and were acting within the scope and purpose of such agency or employment, and with the power and authority vested in them as agents and employees, or ratification, endorsement or approval of the conduct of each other with respect to the events and happenings alleged herein.

## COMMON ALLEGATIONS

5. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 4, as though fully and completely set forth herein.

6. Plaintiff is the daughter of Makayla Adams and Michael Ricks.

7. The relationship between Makayla and Michael Ricks was complicated by domestic violence, with Mr. Ricks physically abusing Makayla throughout their relationship, Michael Ricks often threatened Makayla that he would kill her.

8. Michael Ricks was incarcerated for crimes during Makayla's pregnancy and Plaintiff's infancy. During the Summer of 2022, Michael Ricks was released on parole to a Southern California probation facility located in Vista, California.

9. Defendant Hernandez was assigned as Michael Ricks' parole officer.

10. In the months and days before September 13, 2022, both Makayla and her mother, Monica Miner, communicated frequently (sometimes daily) with Defendant Hernandez. These communications concerned Makayla's fear that Mr. Ricks would kill her and/or Plaintiff due to numerous threats to do so that were made by Mr. Ricks. In early July 2022, Makayla moved to her parents' home in Las Vegas, Nevada to be as far as she could from Mr. Ricks. Both Makayla and Ms. Miner communicated with Defendant Hernandez that Mr. Ricks knew where the Miners lived, and that Makayla remained in danger from Mr. Ricks at that location.

11. In response, Defendant Hernandez promised Makayla that if Mr. Ricks were to leave the Community Program in which he was placed, Defendant Hernandez would immediately contact Ms. Adams to notify her so she could take herself and her child to a place of safety.

12. On September 13, 2022, Defendant Hernandez met with Mr. Ricks at the Community Program. Very shortly after Defendant Hernandez' departure, Mr. Ricks left the Community Program without authorization. Defendant Hernandez was notified that Mr. Ricks had left and that the Program did not know where he was. Despite this information, Defendant Hernandez did not contact Makayla or Ms. Miner as he had promised.

13. Because of Defendant Hernandez' promises and assurances to Makayla and Ms. Miner, Makayla believed she was safe staying with her parents rather than in a confidential location such as a women's shelter. His promises and assurances served to affirmatively create a danger to Makayla that she otherwise would not have faced.

14. Because she had no notice that Mr. Ricks had left the Community Program, Makayla remained at her parents' home with Plaintiff. After Mr. Ricks left the

Community Program, he drove to Las Vegas, where he suddenly appeared at the Miner home. There, while Makayla held her baby Plaintiff A.R., he viciously stabbed and murdered Makayla.

15. On August 11, 2023, Plaintiff served her Government Tort Claim on the State of California. Although the events on which this action are based transpired on September 13, 2022, Plaintiff was left without a parent or legal guardian until October 25, 2022, when Monica Miner was appointed her legal guardian. In addition, pursuant to Government Code §946.6, it is mandatory for a court to grant relief from a late filing by an individual who was a minor during all of the time specified in Government Code § 911.2 for the presentation of the claim.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

16. Plaintiff adopts and incorporates as if set forth at length, and to the extent applicable, all paragraphs set forth herein.

17. As a probation officer for the State of California, Defendant Hernandez was acting under color of state law in all actions alleged in this case.

18. By virtue of his promises, representations, statements, and conduct toward Makayla and Ms. Miner, Defendant Hernandez induced justifiable reliance that he would provide notification to them when or if Mr. Ricks violated the terms of his parole and/or left the Community Program where he was housed. Through his promises, representations, statements and conduct, Defendant Hernandez induced Makayla's justifiable belief that she would be safe at her parents' house, and that she did not need to take more drastic actions, such as locating a shelter where she and Plaintiff could stay for an indeterminate amount of time.

19. By failing to notify Makayla and/or Ms. Miner that Mr. Ricks had left the Community Program, as he had promised to do, Defendant Hernandez increased the already existing danger to Makayla and Plaintiff.

20.     Defendant Hernandez acted deliberately and indifferently to the danger he was creating. Makayla and Ms. Miner warned Defendant Hernandez about the danger posed by Mr. Ricks, and Defendant Hernandez advised them that they would notify them if Mr. Ricks left his location so they could protect themselves. With knowledge of Mr. Ricks' propensity for violence and of Makayla's fear, and despite his promise to Makayla and Ms. Miner, Defendant Hernandez did nothing when he learned of Mr. Ricks' departure.

21.     The aforesaid conduct by Defendant Hernandez and Does 1 through 10, inclusive, and each of them, as alleged herein, violated Plaintiff's civil rights, as set forth under 42 U.S.C. § 1983, including violation of her procedural and substantive due process rights found in the Fourteenth Amendment of the United States Constitution, and violated, and interfered with, Plaintiff's constitutional liberty interests including her right to familial association, and procedural due process rights under the Fourteenth Amendment.

22.     As a direct result of the aforesaid conduct, and in accordance with 42 U.S.C. §1983, Plaintiff's civil rights were violated in that they suffered, and will continue to suffer damages, including, but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in this matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

23.     Defendants' wrongful conduct as herein alleged was intentional, done with malice, and/or with conscious disregard for Plaintiff's rights, and as a result of their despicable conduct, Plaintiff is therefore entitled to recover punitive damages from Defendants for their wrongful acts or omissions for the purposes of punishing said Defendants and to deter others from such conduct in the future.

## SECOND CLAIM FOR RELIEF

## NEGLIGENCE

### Against DOES 1 through 10

24. Plaintiff adopts and incorporates as if set forth at length, and to the extent applicable, all paragraphs set forth herein.

25. By virtue of their promises, representations, statements, and conduct toward Makayla and Ms. Miner, Defendant(s) DOES 1 through 10 assumed a duty to provide notification to them when or if Mr. Ricks violated the terms of his parole and/or left the Community Program where he was housed. Through their promises, representations, statements, and conduct toward Makayla, she justifiably believed that she would be safe at her parents' house, and that she did not need to take more drastic actions, such as locating a shelter where she and Plaintiff could stay for an indeterminate amount of time.

26. By failing to notify Makayla and/or Ms. Miner that Mr. Ricks had left the Community Program, through their promises, representations, statements, and conduct toward, Defendant(s) DOES 1 through 10 increased the already existing danger to Makayla and Plaintiff. With knowledge of Mr. Ricks' propensity for violence and of Makayla's fear, Defendant(s) DOES 1 through 10 did nothing when they learned of Mr. Ricks' departure.

27. As a legal result of the breach of his duty, Plaintiff's mother was killed. Plaintiff has suffered the loss of her mother's financial support, gifts and benefits and household services. In addition, Plaintiff has suffered the loss of her mother's love, companionship, comfort, care, assistance, protection, affection, society and moral support, and the loss of her mother's training and guidance.

///
///
///

## THIRD CLAIM FOR RELIEF

## FRAUD

### Against DOES 1 through 10

28. Plaintiff adopts and incorporates as if set forth at length, and to the extent applicable, all paragraphs set forth herein.

29. On information and belief and as alleged herein, Defendant(s) DOES 1 through 10 made representation and promise to Makayla and Ms. Miner that they would notify them when or if Mr. Ricks violated the terms of his parole and/or left the Community Program where he was housed.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendant(s) DOES 1 through 10 either did not intend to perform this promise when they made it; made the promise knowing that it was false, or recklessly without regard to its truth; and/or had no reasonable grounds for believing it to be true when they made it.

31. Defendant(s) DOES 1 through 10 made the promise and/or representation to Makayla and Ms. Miner intending that they would rely upon it. Makayla and Ms. Miner reasonably relied upon Defendant(s) DOES 1 through 10's promise, as alleged above.

32. By failing to keep his promise and notify Makayla and/or Ms. Miner that Mr. Ricks had left the Community Program, as they had promised to do, Defendant(s) DOES 1 through 10 increased the already existing danger to Makayla and Plaintiff. With knowledge of Mr. Ricks' propensity for violence and of Makayla's fear, and despite his promise to Makayla and Ms. Miner, Defendant(s) DOES 1 through 10 did nothing when they learned of Mr. Ricks' departure.

33. As a legal result of his fraudulent conduct, Plaintiff's mother was killed. Plaintiff has suffered the loss of her mother's financial support, gifts and benefits and household services. In addition, Plaintiff has suffered the loss of her mother's love, companionship, comfort, care, assistance, protection, affection, society and moral support, and the loss of her mother's training and guidance.

34. Defendants' wrongful conduct as herein alleged was intentional, done with malice, and/or with conscious disregard for Plaintiff's rights, and as a result of their despicable conduct, Plaintiff is therefore entitled to recover punitive damages from Defendants for their wrongful acts or omissions for the purposes of punishing said Defendants and to deter others from such conduct in the future.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For economic and noneconomic damages relating to the claims alleged herein;
2. For pre-judgment interest;
3. For punitive damages;
4. For attorneys' fees;
5. For costs of suit incurred herein;
6. For such other and further relief as this Court deems just and proper.

Dated: January 27, 2025

BY: /S/ Douglas L. Applegate
Douglas L. Applegate, Esq.
Attorney for Plaintiff

Each Plaintiff hereby demands a trial by jury.

DATED: January 27, 2025

BY: /S/ Douglas L. Applegate
Douglas L. Applegate, Esq.
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the following document has been served on January 28, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system:

**First Amended Complaint**

Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct and that this proof of service was executed on January 28, 2025, at Newport Beach, California.

*Douglas L. Applegate, [109155]*
5160 Birch Street, Suite 210
Newport Beach, CA 92660 (888) 583-2266
Doug@Applegateslaw.com